[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DATE OF SENTENCE: 30 March 2001 DATE OF APPLICATION: 02 April 2001 DATE OF DECISION: 25 June 2002
Application for REVIEW OF SENTENCE imposed by the Superior Court, judicial District of Litchfield.
Docket Number CR00-102134
James Fletcher, Esq. Counsel for the State, Assistant States Attorney.
Christopher Cosgrove, Esq. Counsel for the Petitioner.
SENTENCE AFFIRMED
 BY THE DIVISION
Mark Pape, petitioner, entered a plea of nolo contendre to the crime of Larceny in the First Degree, a class B felony, carrying a penalty of not less than one year and not more than 20 years incarceration and a $15,000 fine. The sentencing court sentenced the petitioner to 4 1/2 years incarceration to be followed by 6 years of special parole. The court imposed a 3 year sentence on the violation of probation to be served concurrently. It is this net sentence the petitioner seeks to have reviewed.
At the time of the plea the petitioner was on probation for the underlying charge of Injury or Risk of Injury to a Minor and apparently the petitioner was exposed to an additional three year period of incarceration in light of the pending violation of probation. The petitioner's prior criminal history included Burglary in the third degree, Risk of Injury to a Minor and Larceny in the third degree — all felonies. Also petitioner's prior history includes the CT Page 11506 revocation of a prior probationary period.
The underlying factual basis for the offense reflects that his sister and her husband took petitioner into their home and petitioner incurred debt on his hosts credit cards in excess of $20,000. Apparently, the scheme involved the petitioner applying for credit cards in his hosts names. Petitioner's hosts were unaware of the scheme.
Before the Division counsel for the petitioner represented that the petitioner is now 28 years of age and has a wife and two young children. Counsel stressed that the petitioner was a drug addict before he reached adulthood and that virtually his entire criminal history is a result of the petitioner's drug addiction. Counsel indicated that petitioner's criminal history reflects convictions not of a violent nature. Counsel indicated the victims in this matter are the petitioner's sister and her husband and upon release the petitioner is obligated to make restitution.
The petitioner addressed the Division and indicated that he has started treatment programs, apparently while confined.
Counsel for the state countered by citing the petitioner's prior criminal history, the fact that petitioner was on probation at the time of the offense and indicated that he was of the opinion that sufficient consideration was extended to the petitioner at the time of sentencing.
Apparently the victims did not incur any out of pocket expenses.
Pursuant to Connecticut Practice Book § 43-23 et seq., the Sentence Review Division is limited in the scope of its review. The Division is to determine whether the sentence imposed "should be modified because it is inappropriate or disproportionate in the light of the nature of the offense, the character of the offender, the protection of the public interest and the deterrent, rehabilitative, isolative and denunciatory purposes for which the sentence was intended.
The Division is without authority to modify a sentence except in accordance with the provisions of the Connecticut Practice Book §43-28 et seq., and Connecticut General Statute § 51-94 et seq.
In reviewing the record as a whole, the petitioner's prior criminal history, prior revocation of probation combined with the fact that the petitioner was on probation at the time of the incident, the Division finds that the sentencing court's actions were well in accordance with the parameters of Conn. Practice Book §§ 43-23 et seq. CT Page 11507
The sentence imposed was neither inappropriate or disproportionate.
The Sentence is AFFIRMED.
Miano, J.
Norko, J.
Iannotti, J.
Miano, J., Norko, J. and Iannotti, J. participated in this decision. CT Page 11508